## INHABITANTS OF DOVER *vs.* INHABITANTS OF BRIGHTON.

A citizen cannot acquire a settlement, under *St.* 1793, *c.* 34, § 2, and Rev. Sts. *c.* 45, § 1, *cl.* 5, in the town in which he dwells and has his home, by having an estate therein, of the value required by those statutes, as tenant at sufferance or tenant at will, and being assessed therefor five successive years.

Proof that a citizen, in the town in which he dwelt and had his home, occupied and was assessed five successive years for real estate of sufficient value, not owned by him, but of which he had a lease by indenture for one of these years, is not sufficient evidence of his having acquired a settlement in that town, under *St.* 1793, *c.* 34, § 2, and Rev. Sts. *c.* 45, § 1, *cl.* 5, to exempt another town, in which he had previously had his settlement, from liability for his support.

ACTION OF CONTRACT to recover for articles furnished for the
support of a pauper. The defendants admitted their liability,
unless the father of the pauper, who previously to 1800 had his
settlement in Brighton, gained a settlement in Newton under
the following circumstances: From 1800 to 1805, inclusive,
the father resided and had his home in Newton, and was a citi-
zen of this commonwealth, over twenty one years of age, and

was taxed.in each of these years for real estate in Newton, occupied by him, set in the valuation of estates made by the assessors at more than $200. The real estate, for which he was so taxed, was during all this time held by some other person, and was held by him in 1802 under a lease for one year from the owner. Under what arrangement he occupied the premises during the other years, does not directly appear.

*E. Wilkinson,* for the plaintiffs.

*A. H. Nelson,* for the defendants.

METCALF, J. The question in this case arises upon *St.* 1793, *c.* 34, § 2, and Rev. Sts. *c.* 45, § 1, *cl.* 5, which provide that a citizen of the age of twenty one years, having an estate, the principal of which shall be set at $200, or the income at $12, in the valuation of estates made by assessors, and being assessed for the same for five years successively in the town where he dwells and has his home, shall thereby gain a settlement therein. Under this provision, it has been decided that a citizen cannot acquire a settlement by having an estate, as tenant at sufferance or as tenant at will, of the required value or income, and being assessed therefor five successive years. *Templeton* v. *Sterling,* 15 Mass. 253. *Southbridge* v. *Warren,* 12 Cush. 292.

It is agreed that the pauper's father once had a settlement in Brighton, and that the pauper's settlement is now there, unless his father gained a new one in the town of Newton, by being taxed there five years or more successively for real estate, the principal of which was set in the valuation of estates, made by the assessors of that town, at more than two hundred dollars. But the defendants have not shown by what tenure such estate was held by the pauper's father, except for one of the years, when he held it under a lease by indenture. We are asked to presume that he held it by a like tenure during the other years of his occupation. This we cannot do, consistently with the rules of evidence. A settlement in Brighton being shown, the legal presumption is, till the contrary is shown, that it continued there. And it is incumbent on the defendants to prove a change of settlement. *Oakham* v. *Sutton,* 13 Met. 195. This they have not done ; inasmuch as they have not exhibited any facts from

which the court can infer that the father of the pauper held an·
estate in Newton, more than one year, by a higher tenure than
by sufferance or at will.

We expressed no opinion, in *Southbridge* v. *Warren*, and we
express none now, whether being assessed five years successively
for an estate for years would, if duly proved, suffice to confer a
settlement.                                      *Judgment for the plaintiffs.*